UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JULIE ANNA OUSSE | CIVIL ACTION NO. 6:13-0020 |
| VS. | JUDGE DOHERTY |
| LAFAYETTE PARISH CITY COURT, ET AL. | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Before the court is a civil complaint filed *in forma pauperis* by *pro-se* plaintiff Julie Anna Ousse on January 4, 2013.  Plaintiff complains that Jeremy Frederick, president of Green Leaf Landscape, Inc., filed a lawsuit on behalf of his corporation against plaintiff in the Lafayette Parish City Court to recover a debt allegedly owed by plaintiff.  Plaintiff complains that the Lafayette Parish City Court has denied her request to transfer the case  to a court of "proper venue" or dismiss the case, presumably because Mr. Frederick, who is not an attorney, is allegedly representing his corporation, and because the Court's procedure allegedly does not provide for a trial by jury, discovery or an appeal and "charges [the] defendant money before judgment", which plaintiff contends is in violation of her Due Process rights.  Trial is set for January 31, 2013.

Plaintiff prays for an Order of this Court requiring the Lafayette Parish City Court to "cease and desist" from further adjudication of the "small claim trial" and a declaratory judgment declaring that the procedures employed by the Lafayette Parish City Court are unconstitutional.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## LAW AND ANALYSIS

**Frivolity Review**

Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an *in forma pauperis* action if, at any time, the court determines that the action is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); *Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231 (5th Cir. 2002). Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *pauper* cases. *Newsome*, 301 F.3d at 231-33 (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under §1915(e)(2)(B)(i) and (ii)). A claim is frivolous if it lacks an arguable basis in law or in fact. *Id.*; *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).

A complaint is subject to dismissal for failure to state a claim applying the same standard used to review a dismissal pursuant to Fed.R.Civ.P. 12(b)(6), generally, if the plaintiff is not entitled to relief. *Id.*; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL

165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Injunctive Relief**

Plaintiff requests that this Court enjoin the Lafayette Parish City Court from further adjudication of the lawsuit filed against her, on grounds that procedures employed by the Lafayette City Court are unconstitutional.

To the extent that plaintiff seeks an injunction, she has failed to establish that injunctive relief may be granted. A plaintiff seeking a permanent injunction must meet a four-part test: (1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest. *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) *citing Dresser–Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831 (5th Cir. 2004).

Here, the plaintiff cannot prevail on the merits of her claim because the complained of procedures employed by the Lafayette City Court are constitutional, and/or do not raise to the level of federal Constitutional dimension.

Although plaintiff alleges that she is being denied Due Process because she cannot obtain a transfer to the District Court or a trial by jury in the City Court, it is clear that plaintiff is not constitutionally entitled to this relief. City Courts in Louisiana are courts of limited jurisdiction, their jurisdiction limited by the amount in dispute, which is

determined by the amount demanded by the plaintiff in his petition. La.C.Civ.P. art. 4841.

The Lafayette City Court's jurisdiction is concurrent with the district court in cases where the amount in dispute does not exceed fifteen thousand dollars. La.C.Civ.P. art. 4843(G). The defendant may obtain a transfer from a City Court to a District Court to obtain a trial by jury only in cases where the defendant would otherwise be entitled to a trial by jury. La.C.Civ. P. art. 4872. In Louisiana, a trial by jury may only be obtained where the amount in dispute exceeds fifty thousand dollars. La.C.Civ.P. art. 1732.

Finally, the Seventh Amendment does not require Louisiana state courts to provide a trial by jury in civil cases. *Melancon v. McKeithen*, 345 F.Supp. 1025 (D.C. La. 1972), *aff'd sub nom*. *Mayes v. Ellis*, 409 U.S. 943, 93 S.Ct. 289, 34 L.Ed.2d 214 (1972), and *Hill v. McKeithen*, 409 U.S. 943, 93 S.Ct. 290, 34 L.Ed.2d 214 (1972) (holding that jury trial in civil cases is not "so fundamental to the American system of justice as to be required of state courts by due process."); *see also Alexander v. Virginia*, 93 S.Ct. 2803, 2804, 413 U.S. 836, 836, 37 L.Ed.2d 993, 993 (1973).

In light of the above, plaintiff has failed to demonstrate that she is Constitutionally entitled to a trial by jury in any civil action pending in a Louisiana state court. Moreover, she has failed to demonstrate that her case was Constitutionally required to be transferred from the Lafayette City Court or dismissed for lack of jurisdiction. There is no constitutional requirement that a civil case be entertained by any particular state court. To the contrary, in accordance with Louisiana law, so long as the plaintiff pleads entitlement

to less than less than fifteen thousand dollars, the lawsuit is properly before the Lafayette City Court.

Although plaintiff complains that, contrary to her Due Process rights, she has no right to appeal any judgment entered by the Lafayette City Court, that contention is unfounded. The Louisiana Code of Civil Procedure provides for the appeal of judgments rendered by Louisiana City Courts to the Louisiana State Appellate Courts, to be taken in the same manner as an appeal from a Louisiana District Court. *See* La. C. Civ. P. art. 5001.

Likewise, while plaintiff complains that her right to Due Process is violated by alleged unavailability of discovery in City Court[1], the City Court's permitting Mr. Frederick to represent his corporation or the City Court's requirement of payment of fees by the defendant, those claims are without merit. There is no general constitutional right to discovery in a criminal case, where life and liberty are at stake, much less in a civil case such as this one, where only money is at stake. *Comprehensive Care Corp. v. Katzman*, 2010 WL 2293248, *5 fn.19 (M.D. Fla. 2010) *citing Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1997). *See also Cheney v. District Court*, 542 U.S. 367, 384 (2004) *citing United States v. Nixon*, 418 U.S. 683, 711, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (noting the right to production of relevant evidence in civil proceedings does not have the same "constitutional dimensions" as that in

---

[1] Notably, contrary to plaintiff's allegations, this Court is unaware of any prohibition of discovery in Lafayette City Court proceedings.

criminal proceedings). While there may be a statutory right to discovery, such a right is not of Constitutional dimension. *Id.* Nor is this Court aware of any Constitutional right prohibiting non-attorneys from appearing in a court which permits their representation, or prohibiting a court from charging reasonable fees. While there may be a statutory prohibition on these actions, such a prohibition does not rise to Constitutional level.

In light of the above, it is clear that plaintiff cannot establish that a failure to grant an injunction will result in irreparable injury. Plaintiff may raise her Constitutional claims in the Lafayette City Court or on direct appeal in the Louisiana Third Circuit Court of Appeal in the event of an adverse judgment.[2]

## *Younger* Abstention

Moreover, it is well settled that federal courts should not interfere in ongoing state court proceedings except in very unusual situations, not established in this case, based upon principles of federalism and comity. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)[3]; *see also Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 767

---

[2]To the extent that plaintiff seeks mandamus relief, this court lacks jurisdiction to issue an order to a state court to act upon a case pending before it. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties) *citing Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971) and *Haggard v. Tennessee,* 421 F.2d 1384 (6th Cir. 1970).

[3]The Supreme Court's decision was grounded on principles of equity and on notions of comity, to which it gave the name, "Our Federalism". "Our Federalism" represents a "system in which there is sensitivity to the legitimate interests of both State and National governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Id*. at 44, and at 750. The notion of comity "includes a proper respect for state functions, a recognition of the fact that the entire country is made up of a union of separate state governments, and a

(1971) (applying *Younger* to claims for declaratory relief). The *Younger* abstention doctrine "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Word of Faith World Outreach Center Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993) *citing Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12-14, 107 S.Ct. 1519, 1526-27, 95 L.Ed.2d 1 (1987) (federal courts may not enjoin state civil proceedings between private parties) and *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (extending *Younger* to state administrative proceedings involving important state interests). Thus, under *Younger*, federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to ongoing state civil proceedings. *Price v. Porter,* 351 Fed. Appx. 925, 927 (5th Cir. 2009) (unpublished).

*Younger* abstention is required when: (1) there is an ongoing state proceeding that is judicial in nature; (2) the state has an important interest in regulating the subject matter of the claim; and (3) there is an adequate opportunity in the state proceeding to raise the constitutional challenges. *Wightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir.1996).

---

continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 431-32, 102 S.Ct. 2515, 2520-21 (1991).

In this case, it is clear that all prerequisites for abstention under *Younger* are met. There is an ongoing state judicial proceeding which plaintiff alleges is set for trial on January 31, 2013. The State of Louisiana obviously has an important interest in regulating the conduct of civil judicial proceedings in its courts. Finally, plaintiff may raise her constitutional challenges in the Lafayette City Court and, if unsuccessful, on appeal in the Louisiana Third Circuit Court of Appeal.

In sum, plaintiff is requesting that this Louisiana federal court make declaratory and injunctive orders which would halt an ongoing Louisiana state court civil proceeding. However, the *Younger* abstention doctrine prohibits this Court from granting plaintiff the requested relief. Accordingly, plaintiff's request for declaratory and injunctive must be dismissed.

For the reasons set forth above;

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous, as failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 9th day of January, 2013.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 1-9-2013
By: MBD